IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LORI W.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 6:18-cv-00468-SU

**OPINION AND ORDER**

SULLIVAN, United States Magistrate Judge:

    Plaintiff Lori W. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). This Court has jurisdiction

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and last name initial of non-government parties and their immediate family members.

to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* (Docket No. 6). For the reasons that follow, the Commissioner's final decision is AFFIRMED and this case is DISMISSED.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on May 6, 2015, alleging a disability onset date as of October 1, 2014. Tr. 13, 151–54.[2] Her application was denied initially and upon reconsideration. Tr. 80, 93. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on November 17, 2016. Tr 30–51, 106. On March 10, 2017, an ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 13–24. The Appeals Council denied plaintiff's request for review on January 29, 2018, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Born in 1956, plaintiff was 57 years old on her alleged onset date and 60 years old on the date of her hearing. Tr. 34, 71, 151. She completed the twelfth grade and has past work experience as an administrative clerk, sales clerk, semiconductor assembler, manager of a lodging facility, kitchen helper, and waitress. Tr. 23, 177; *see also* Tr. 35–54, 61–62. She alleges disability based upon heart problems, high blood pressure, a 2009 heart attack, and clogged arteries in her neck. Tr. 176. Plaintiff is married and lives with her spouse. Tr. 198, 467.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d

---

[2] "Tr." citations are to the Administrative Record. (Docket No. 12).

498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or

mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that plaintiff met the insured requirements of the Act and had engaged in substantial gainful activity in one quarter since May 2, 2014, the alleged onset date. Tr. 15. The ALJ also found that plaintiff worked after the alleged onset date. *Id.* However, because the ALJ found there was a "valid basis for denying [plaintiff's] application," he proceeded through the remaining steps of the sequential analysis. *Id.* At step two, the ALJ found that plaintiff had had

the following severe impairments: carotid artery disease, lumbar and cervical radiculopathy, osteoarthritis of both hips, coronary disease, and chronic obstructive pulmonary disease ("COPD"). *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination thereof that met or equaled a listed impairment. Tr. 18. The ALJ found that plaintiff had the RFC to perform light work, with the following limitations: she could frequently climb ramps and stairs and occasionally climb ladders, ropes, or scaffolds; she could occasionally be exposed to extreme cold and vibration; and she was limited to occasional exposure to hazards such as unprotected heights and moving mechanical parts. Tr. 19. At step four, the ALJ found that plaintiff could perform her past relevant work as an administrative clerk and semiconductor assembler as actually and generally performed and as a sales clerk as generally performed. Tr. 23. Because the ALJ found that plaintiff could perform her past relevant work, he did not proceed to the fifth step of the sequential analysis. The ALJ thus found plaintiff was not disabled within the meaning of the Act. Tr. 23–24.

## ANALYSIS

Plaintiff asserts the ALJ erred by: (1) failing to provide clear and convincing reasons for rejecting her subjective symptom testimony; (2) failing to engage in a "function-by-function" analysis in determining her RFC; and (3) failing to recontact plaintiff's doctor, K. Annette Weller, M.D. The Court addresses each argument in turn.

### I. Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so."

*Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2017 WL 5180304. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

The ALJ found that, although plaintiff's impairments could reasonably be expected to cause some of her alleged symptoms, her testimony concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [his] decision." Tr. 21. Plaintiff argues that the ALJ's reasoning does not satisfy the clear-and-convincing standard and that the ALJ

misconstrued the record. Pl.'s Opening Br. 6–14 ("Pl.'s Br.") (Docket No. 11). The Commissioner contends the ALJ properly rejected plaintiff testimony because (1) plaintiff improved with treatment; and (2) the ALJ found plaintiff "continued to smoke even though she knew she should quit with her coronary artery disease." Def.'s Br. 3 (Docket No. 13).

The ALJ supplied clear and convincing reasons supported by substantial evidence for discounting plaintiff's testimony regarding her physical limitations. For example, the ALJ cited evidence that plaintiff's physical symptoms improved with treatment and exercise. *See, e.g.*, Tr. 21 (citing Tr. 526 (plaintiff reporting "low back pain [of] 3" and that she was completing physical therapy exercises, which had been "going well"); *id.* (citing Tr. 471 (explaining that plaintiff's physical therapy "has been very helpful to her" and that she "exercises in a pool regularly"); *see also* Tr. 20 (citing Tr. 454 (reporting "no chest discomforts whatsoever" and that plaintiff was "fairly active" and "walking daily"). An ALJ may discount a claimant's testimony based on a positive response to treatment. *See* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v)[3]; *see also Plunk v. Astrue*, No. 6:11-cv-06286-SI, 2013 WL 1412942, at *7 (D. Or. Apr. 8, 2013) (affirming ALJ's subjective symptom evaluation where the ALJ cited medical records that the claimant's "symptoms improved with treatment and exercise").

The ALJ also cited evidence that plaintiff's reports of pain improved with medication, which was an additional clear and convincing reason to discount plaintiff's testimony. Tr. 21 (citing Tr. 477–78 (noting plaintiff's medication "has been significantly helping her pain"); *see*

---

[3] The Court notes that effective March 27, 2017, the Commissioner has promulgated new regulations that modifies the evaluation of subjective symptom testimony. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01, *available at* 2017 WL 168819 at *5871, *5882 (January 18, 2017) (revising "How we evaluate symptoms, including pain."). Those revisions, however, do not apply in this appeal. *See Michael S. v. Berryhill*, No. 6:17-cv-01315-MC, 2019 WL 1062368, at *3 (D. Or. Mar. 6, 2019).

*also* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (instructing adjudicators to consider the "type, dosage, *effectiveness*, and side effects of any medication [a claimant takes] to alleviate [their] pain or other symptoms") (emphasis added); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling" under the Act).

The parties dispute whether the ALJ was permitted to discount plaintiff testimony because "she continued to smoke" despite knowledge that it exacerbated her symptoms. Plaintiff argues that the Ninth Circuit has "found it was improper" for an ALJ to use a claimant's "continued smoking as adversely impacting her credibility." Pl.'s Br. 13 (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009)). The Commissioner responds that *Bray* "declined to decide whether it was unreasonable to hold a claimant's continued smoking against their credibility" and found instead that, even if erroneous, any error was harmless. Def.'s Br. 3 n.1 (citing *Bray*, 554 F.3d at 1227)). The Court need not resolve the parties' dispute because, here, as in *Bray*, the ALJ provided additional "independent" reasons that "find[] ample support in the record" to discount plaintiff's testimony. *Bray*, 554 F.3d at 1227. As such, "the ALJ's reliance on [plaintiff's] continued smoking, even if erroneous, amounts to harmless error." *Id.* (citations omitted).

Finally, plaintiff takes issue with various portions of the ALJ's subjective symptom analysis and cites a host of treatment notes in support of her preferred interpretation of the medical record. *See* Pl.'s Br. 8–14. However, when presented with conflicting evidence, the ALJ is responsible for "resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison*, 759 F.3d at 1009 (citation omitted); *see also Batson*, 359 F.3d at 1193 (holding that variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record). Accordingly, because the ALJ provided clear and convincing

reasons to discount plaintiff's symptom testimony, the overall credibility decision is supported by substantial evidence and must be upheld. *See Batson*, 359 F.3d at 1197; *see also Carmickle*, 533 F.3d at 1162 (explaining that error in any one reason for discounting credibility is harmless where an ALJ's "remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record").

The ALJ's analysis of plaintiff's subjective symptom testimony is affirmed.

## II.     RFC Formulation

Plaintiff contends the ALJ committed legal error by failing to perform a function-by-function assessment and make findings regarding her "ability to sit, walk, stand, lift, or carry" as contemplated by SSR 96-8p. Pl.'s Br. 15. The RFC determination limited plaintiff to "light work as defined in 20 CFR 404.1567(b)" and included several nonexertional, postural, and environmental limitations, but no explicit function-by-function analysis of plaintiff's exertional limitations. Tr. 19; *see also* SSR 96-8p, *available at* 1996 WL 374184 at *5–6 (distinguishing exertional from nonexertional limitations). The Commissioner asserts the ALJ's reference to 20 C.F.R. § 404.1567(b) was sufficient to indicate the amount plaintiff "was able to sit, walk, stand, lift, and carry." Def.'s Br. 4.

SSR 96-8p explains that the "RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, *available at* 1996 WL 374184 *1. At step four, the ruling instructs that "the RFC must not be expressed initially in terms of the exertional categories of 'sedentary,' 'light,' 'medium,' 'heavy,' and 'very heavy' work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it." *Id.* at *3. However, the "RFC may be expressed in terms of an exertional category [*e.g.*, 'light work'] . . . if it becomes necessary to

Page 9 – OPINION AND ORDER

assess whether an individual is able to do his or her past relevant work as generally performed in the national economy." *Id.*

Here, relying on the testimony of the VE, the ALJ determined plaintiff could return to her past relevant work as an administrative clerk and semiconductor assembler as actually and generally performed and as a sales clerk as generally performed. Tr. 23; Tr. 35–54 (plaintiff's testimony describing jobs as actually performed); Tr. 61–62 (VE testimony).[4] Accordingly, assuming SSR 96-8p required the ALJ to conduct the function-by-function assessment advanced by plaintiff, any error in the ALJ's analysis was harmless because the ALJ's analysis of plaintiff's ability to return to her past relevant work as generally performed was legally sound. *See Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012) ("an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination'"); *see also Carroll v. Colvin*, 2014 WL 3671332, at *6 (W.D. Wash. July 22, 2014) ("Because the ALJ determined plaintiff could return to her past relevant work as a bookkeeper as generally performed, any error in the ALJ's analysis of plaintiff's ability to perform her past relevant work as actually performed was harmless since the ALJ's analysis of plaintiff's ability to return to her past relevant work as generally performed was legally sound.").

Moreover, although SSR 96-8p notes that the failure to consider an individual's ability to perform the specific work-related functions identified in a function-by-function analysis could be critical to the outcome of a case, other than highlighting the ALJ's purported error, plaintiff failed to direct the court to any specific functional limitation that the ALJ failed to include in the

---

[4] Plaintiff also asserts the ALJ erroneously "adopted" the exertional limitations of the state agency doctors the ALJ discussed in the decision because those doctors did not consider medical impairments the ALJ found severe. The assertion lacks support in the record as the ALJ stated explicitly that his RFC formulation was based on a "careful consideration of the *entire* record[.]" Tr. 19 (emphasis added).

RFC. *See* SSR 96-8p, 1996 WL 374184 *4 ("failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions").

The ALJ's RFC formulation is affirmed.

### III. Duty to Develop the Record

Plaintiff does not directly challenge the ALJ's evaluation of the weight given to any medical opinion in this case. Rather, she asserts the ALJ was obligated to re-contact K. Annette Weller, M.D., because the doctor's opinion was ambiguous and triggered the ALJ's obligation to develop the record further.

An ALJ has an affirmative duty to inform herself about facts relevant to her decision. *Heckler v. Campbell*, 461 U.S. 458, 471 n.1 (1983); *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003). The duty to fully and fairly develop the record ensures that the claimant's interests are considered, even when the claimant is represented by counsel. *Smolen v. Chater*, 80 F.3d 1273, 1283 (9th Cir. 1996). The responsibility to develop the record "rests with the ALJ in part because disability hearings are inquisitorial rather than adversarial in nature." *Gartner v. Berryhill*, No. 6:16-cv-01505-SI, 2017 WL 3208351, at *10–12 (D. Or. July 28, 2017) (citing *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000)). An ALJ's duty to develop the record further is triggered in only two circumstances: (1) when "there is ambiguous evidence" or (2) "when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001) (citation omitted). Ultimately, however, it is the claimant's burden to prove that he or she is disabled. *Id.* at 459 (citing 42 U.S.C. § 423(d)(5)).

Plaintiff asserts that "Dr. Weller's opinion limiting [plaintiff] to sedentary or light work" was sufficiently ambiguous to trigger the ALJ's duty to develop the record further. Pl.'s Br 17.

The Court disagrees. Although the doctor was equivocal as to whether plaintiff could perform "sedentary to light or light capacity" work (Tr. 522), the ALJ effectively rejected the sedentary limitation when he assigned the opinion little weight (Tr. 22), which plaintiff does not explicitly challenge on appeal. Thus, Dr. Weller's opinion does not create ambiguity in this record.

Plaintiff's reference to *Bayliss v. Barnhart* is misplaced. 427 F.3d 1211, 1217 (9th Cir. 2005). Plaintiff asserts this case is distinguishable from *Bayliss*, because "the evidence of record was not adequate to make a determination regarding [plaintiff's] disability[.]" Pl.'s Br 17. *Bayliss* held an ALJ was *not required* to recontact doctors—who the ALJ properly rejected—because the ALJ, "with support in the record, found the evidence adequate to make a determination regarding [claimant's] disability." *Bayliss*, 427 F.3d at 1217. Critically, plaintiff does not address what evidence in this record, or lack thereof, make this case distinguishable from *Bayliss*.[5] Plaintiff has not established the record was sufficiently ambiguous or inadequate such that the ALJ was required to recontact Dr. Weller. The ALJ is affirmed as to this issue.

---

[5] Plaintiff's references to medical opinion evidence the ALJ assigned more weight than Dr. Weller's do not create an ambiguity sufficient to trigger the ALJ's duty to develop the record further, especially given that plaintiff does explicitly assign error to the ALJ's rejection of Dr. Weller's opinion. Moreover, when presented with conflicting evidence ALJs are specifically charged with "resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison*, 759 F.3d at 1009 (citation omitted).

## CONCLUSION

For these reasons, the Commissioner's decision denying plaintiff's application for DIB is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this  23   day of  September  , 2019.

                                            s/ Patricia Sullivan
                                            PATRICIA SULLIVAN
                                            United States Magistrate Judge